NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0172n.06

No. 12-1333

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 14, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LANCE FREDERICK JOHNSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE: MARTIN and GILMAN, Circuit Judges; FOWLKES, District Judge.[*]

PER CURIAM. Lance Frederick Johnson, who is represented by counsel, is appealing his sentence imposed following his guilty plea to a charge of bank robbery.

Johnson's advisory sentencing guidelines range was calculated at forty-one to fifty-one months of imprisonment. However, at the sentencing hearing, the district court stated that it was varying upward from that range because Johnson had committed the bank robbery while evading the authorities on a state charge of criminal sexual conduct. Johnson was sentenced to sixty-eight months of imprisonment, which was ordered to run consecutively to the 168-to-480 month sentence that he was serving on the state criminal sexual conduct charge. Johnson objected to both the upward variance and the decision to run the sentence consecutively to the state sentence.

---

[*]The Honorable John T. Fowlkes, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

On appeal, Johnson argues that the district court engaged in double counting when it relied on Johnson's on-the-run status for both the upward variance and the consecutive sentence.

We generally review a criminal sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). However, a substantive issue that was not objected to in the district court is reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Johnson did not raise a claim of double counting in the district court.

Johnson is not arguing on appeal that either the upward variance or the consecutive sentence was erroneous when each is viewed in isolation. He instead argues that the district court erred by relying on precisely the same aspect of his conduct for both the variance and the consecutive sentence, citing *United States v. Young*, 266 F.3d 468, 485 (6th Cir. 2001).

Johnson's argument is not supported by the record. The transcript of the sentencing hearing reveals that the district court imposed the variance because, rather than turn himself in to the state authorities to face the criminal sexual conduct charge, Johnson chose to rob a bank presumably to support himself while evading arrest. The court discussed the sentencing factors of the seriousness and circumstances of the offense, as well as the need to promote respect for the law and provide deterrence, finding that the commission of this crime while on the run from state authorities had not been considered in the guidelines calculation. The district court's reasoning in imposing a consecutive sentence was explained by noting that the state sentence was intended to protect children from sexual assault, and the federal sentence was designed to protect banking institutions from robbery. Johnson cites no authority to support his argument that the district court engaged in double counting under these circumstances.

The district court's judgment is affirmed.